**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   RICKY PAUL SMITH,                          No. C 07-2023 WHA (PR)

11            Plaintiff,                        **ORDER OF DISMISSAL**

12     v.

13   BLACK, N.; SILVA, J.; SULLIVAN,
     R.; and MUSE, D.,
14
              Defendants.
15   _____/

16

17        Plaintiff, a former inmate of the Contra Costa County Jail who is now at San Quentin

18   State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been

19   granted leave to proceed in forma pauperis.

20                                **DISCUSSION**

21   A.   STANDARD OF REVIEW

22        Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26   monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro

27   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

28   (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

11   at 1986-87.[1]

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the violation was committed by a person acting under the color of state law.  *West v. Atkins*,

15   487 U.S. 42, 48 (1988).

16   **B.     LEGAL CLAIMS**

17   Plaintiff contends that defendant Black has harassed him by shining a sighting light from

18   a tazer on his face and by taking a copy of a letter out of his cell.  Allegations of harassment and

19   abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  *Freeman v. Arpaio*, 125 F.3d

20   732, 738 (9th Cir. 1997).  Plaintiff's claim about the sighting light from the tazer might be

21   liberally construed to be a claim that Black threatened him, but such claims also are not

22   cognizable.  *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff has thus failed to

23   allege facts sufficient to state a claim for relief which is plausible on its face.

24   _____

25   [1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*,
     355 U.S. 41 (1957).  *Conley* had stated "the accepted rule that a complaint should not be

26   dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can
     prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 45-46.

27   *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement.  The
     phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."

28   *Bell Atlantic Corp*, 127 S. Ct. at 1969.

**CONCLUSION**

The complaint is **DISMISSED** without leave to amend.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  November    16    , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

G:\PRO-SE\WHA\CR.07\SMITH2023.DSM.wpd

3